# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### HAMMOND DIVISION

UNITED STATES OF AMERICA,      )
          )
           Plaintiff,      )
          )     **No. 2:08CR2-PPS**
      vs.          )     **and**
          )     **No. 2:16CV261-PPS**
DION JERMAINE ROGERS,      )
          )
          Defendant.     )

## OPINION AND ORDER

Dion Jermaine Rogers was one of 13 defendants charged with a number of offenses arising out of a spree of armed bank robberies carried out in Northwest Indiana from October 2007 to March 2008.  On August 28, 2008, Rogers entered a plea of guilty to Counts 2, 3, 5 and 11 of the superseding indictment -- three charges of bank robbery and one of using and carrying a firearm during and in relation to a crime of violence (a bank robbery).   [DE 112, 133.]  Rogers was sentenced to concurrent terms of 57 months on the bank robbery counts, with 7 years to be served consecutively on Count 3, the firearm count.  [DE 267, 272.] The 7-year sentence for Count 3 was mandated by 18 U.S.C. §924(c)(1)(A)(ii) because Rogers was found to have "brandished" the firearm during the bank robbery.  PSR, ¶81.  Rogers now seeks to set aside his federal sentence under 28 U.S.C. §2255. [DE 474.]

Count 3 alleged that Rogers used and carried a firearm during and in relation to the commission of "Aggravated Bank Robbery, as charged in Count 2 of the Superseding Indictment, in violation of [18 U.S.C. §] 2113(a) and 2113(d)."  [DE 27 at 5.]

Rogers argues that bank robbery does not qualify as a "crime of violence" required for conviction under Count 3's §924(c) charge. For purposes of this provision, "crime of violence" is defined in §924(c)(3) as a felony that:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another; or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Last year, in *Johnson v. United States*, 135 S.Ct. 2551, 2557 (2015), the Supreme Court held that a similar "otherwise involves conduct" clause within the definition of "violent felony" for purposes of §924(e) -- commonly referred to as the "residual clause" of the Armed Career Criminal Act -- is unconstitutionally vague and therefore void. This year, in *Welch v. United States*, 136 S.Ct. 1257, 1265 (2016), the Supreme Court held that the *Johnson* decision announced a new substantive rule that has retroactive effect in cases on collateral review. *Johnson* therefore triggered a new one-year statute of limitations to bring claims under §2255(f)(3).

Rogers argues that *Johnson* invalidates the residual "by its nature" clause of the "crime of violence" definition in §924(c)(3)(B), and that bank robbery does not meet the remaining "elements" prong of the definition in §924(c)(3)(A) because the statutory definition of bank robbery does not have "as an element the use, attempted use, or threatened use of force." The bank robbery named in Count 3 as the predicate crime of violence is in violation of 18 U.S.C. §2113(a) and 2113(d). As relevant here, §2113(a) applies to one who "by force and violence, or by intimidation, takes, or attempts to take,

from the person or presence of another...money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association."  Section 2113(d) is violated by one who, in committing such a bank robbery, "assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device."  Analyzing these statutory definitions, Rogers contends that "[b]ecause neither provision has, as an element, the use, attempted use, or threatened use of force, armed bank robbery is not a crime of violence."  [DE 474 at 5.]

The Seventh Circuit's recent opinion in *United States v. Armour*, No. 15-2170, 2016 WL 6440383 (7th Cir. Nov. 1, 2016), disposes of Rogers' arguments.  Armour also argued that his federal attempted armed bank robbery did not qualify as a "crime of violence" under §924(c).  Without deciding whether or not the "residual" clause of §924(c) is void under *Johnson*, the Seventh Circuit held that bank robbery under §2113(a) and (d) is a crime of violence under §924(c)'s "elements" clause.   *Armour* at *3.  Contrary to Rogers' contention, the Court of Appeals held that "robbery by intimidation under §2113(a) and robbery by assault by a dangerous weapon or device under §2113(d) have as an element the use, attempted use, or threatened use of physical force against the person or property of another and thus qualify as crimes of violence under §924(c)."  *Id*. at 5.

Like the Court of Appeals in *Armour*, I need not (and do not) determine *Johnson*'s impact on the residual clause of §924(c)(3)(B), because the 7th Circuit has squarely held that federal bank robbery under §2113(a) and (d) is a crime of violence under the

"elements" clause of §924(c)(3)(A). Rogers's motion under §2255 will therefore be denied.

I must also consider whether to grant Rogers a certificate of appealability. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULES GOVERNING SECTION 2255 PROCEEDINGS 11(a). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To obtain a certificate of appealability, Rogers must show that reasonable jurists could debate whether his petition should have been resolved differently. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Because my decision is based squarely on the Court of Appeals' recent decision in *Armour*, a certificate of appealability will be denied.

**ACCORDINGLY:**

Dion Jermaine Rogers's motion to vacate, set aside or correct his sentence under §2255 [DE 474] is DENIED.

A certificate of appealability is DENIED.

**SO ORDERED** this 16th day of November, 2016.

     /s/ Philip P. Simon          
**Chief Judge, U.S. District Court**
